Exhibit A

 CT Corporation

**Service of Process Transmittal**
09/02/2020
CT Log Number 538187953

TO: Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

RE: **Process Served in Arizona**

FOR: Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | George Burton, etc., Pltf. vs. Costco Wholesale Membership, Inc., etc., et al., Dfts. // To: Costco Wholesale Corporation, etc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV2020008091 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/02/2020 at 10:04 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/02/2020, Expected Purge Date: 09/17/2020<br><br>Image SOP<br><br>Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com<br><br>Email Notification,  Zois Johnston  zjohnston@costco.com<br><br>Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Sophia Augeri (#031001)
   Timothy G. Tonkin (#020709)
2  **PHILLIPS LAW GROUP, P.C.**
   3101 North Central Avenue, Suite 1500
3  Phoenix, Arizona 85012
   Tel: (602) 258-8900
4  Fax: (602) 900-0116
   E-mail: sophiaa@phillipslaw.com
5  E-mail: minute_entries@phillipslaw.com    **ORIGINAL**
   *Attorneys for Plaintiff*
6

7                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                  **IN AND FOR THE COUNTY OF MARICOPA**

9  GEORGE BURTON, Individually,          Case No.:

10              Plaintiff,               **SUMMONS** CV2020-008091

11         vs.

12  COSTCO WHOLESALE MEMBERSHIP,
    INC., a foreign corporation d/b/a COSTCO;    If you would like legal advice from a lawyer,
13  COSTCO WHOLESALE CORPORATION, a               contact the Lawyer Referral Service at
    foreign corporation d/b/a COSTCO; JOHN                    602-257-4434
14  DOES 1-5; JANE DOES 1-5; BLACK                               or
    CORPORATIONS 1-5; and WHITE                       www.maricopalawyers.org
15  PARTNERSHIPS 1-5,                                     Sponsored by the
                                                   Maricopa County Bar Association
16              Defendants.

17

18  STATE OF ARIZONA TO THE DEFENDANTS:
19        COSTCO WHOLESALE CORPORATION, INC., a foreign corporation d/b/a
                                COSTCO;
20
          **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time
21  applicable, in this action in this Court.  If served within Arizona, you shall appear and defend
    within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of
22  the day of service.  If served outside of the State of Arizona – whether by direct service, or by
    publication – you shall appear and defend within thirty (30) days after the service of the
23  Summons and Complaint upon you is complete, exclusive of the day of service.  Service by
    publication is complete thirty (30) days after the date of first publication.  Direct service is
24  complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete
    thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return.
25  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to
    receive service of legal process against it in this State, the insurer shall not be required to appear,
    answer or otherwise plead until the expiration of forty (40) days after the date of service upon
    the Director.  A.R.S. §§ 20-222, 28-1027.

                                          1

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an answer or other proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or other response upon the plaintiff's attorney.

The name and address of the plaintiff's attorney is:

Timothy G. Tonkin, Esq.
Sophia Augeri, Esq.
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012

**ADA Notification**

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.

**Interpreter Notification**

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.

JUL 1 3 2020      JEFF FINE, CLERK

SIGNED AND SEALED: _____

Clerk of the Superior Court

By _____
Deputy Clerk

B. Barrett
Deputy Clerk

2

Sophia Augeri (#031001)
Timothy G. Tonkin (#020709)
**PHILLIPS LAW GROUP, P.C.**
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel: (602) 258-8900
Fax: (602) 900-0116
E-mail: sophiaa@phillipslaw.com
E-mail: minute_entries@phillipslaw.com
*Attorneys for Plaintiff*

COPY

JUL 1 3 2020

CLERK OF THE SUPERIOR COURT
B. BARRETT
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

GEORGE BURTON, Individually,

Plaintiff,

vs.

COSTCO WHOLESALE MEMBERSHIP, INC., a foreign corporation d/b/a COSTCO; COSTCO WHOLESALE CORPORATION, a foreign corporation d/b/a COSTCO; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,

Defendants.

Case No.: CV2020-008091

**COMPLAINT**

Tort – Non-Motor Vehicle

For his complaint, GEORGE BURTON (hereinafter "Plaintiff"), alleges as follows:

1.     Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), this case is a Tier 2 based on the amount of damages requested.

2.     Plaintiff is, and was at all times material herein, a resident of the County of Maricopa, State of Arizona.

3.     Defendant COSTCO WHOLESALE MEMBERSHIP, INC., is a Foreign Corporation incorporated in California with its principle place of business in California and is authorized to do business within Maricopa County, State of Arizona.

1

1      4.      Defendant COSTCO WHOLESALE CORPORATION is a Foreign Corporation
2   incorporated in Washington with its principle place of business in Washington and is authorized
3   to do business within Maricopa County, State of Arizona.

4      5.      Defendants sued herein as John Does 1-5 are now and were at all relevant times
5   residents of the County of Maricopa, State of Arizona.  Further, said Defendants are owners,
6   partners, agents, servants, managers, and/or employees of Defendant COSTCO WHOLESALE
7   MEMBERSHIP, INC. and/or COSTCO WHOLESALE CORPORATION and as such are liable
8   for the actions of said Defendant(s) such that the employer Defendants are vicariously liable for
9   the acts and omissions of John Does 1-5.  Further the Defendants sued herein as Jane Does 1-5
10  are the wives of Defendants John Does 1-5 and all acts complained of herein were for and on
11  behalf of the respective Doe marital communities.  Plaintiff will request leave of the Court to
12  insert the true names of these unknown Defendants as their identities are learned in the course
13  of discovery.

14     6.      The Defendants sued herein as Black Corporations 1-5, and/or White Partnerships
15  1-5, is/are the owner(s), agent(s), dba(s), servant(s), wholly owned subsidiary(ies), managing
16  partner(s) and/or corporate parent(s) of Defendants COSTCO WHOLESALE MEMBERSHIP,
17  INC., and/or COSTCO WHOLESALE CORPORATION and as such, is/are liable for the actions
18  of said Defendants.  All said fictitious Defendants are believed to be authorized to do business
19  in the State of Arizona.

20     7.      All acts and events alleged hereafter occurred within the County of Maricopa, State
21  of Arizona.

22     8.      The minimum jurisdictional amount established for filing this action has been
23  satisfied.  This Court has jurisdiction and venue is proper.

24

25

2

## FACTS COMMON TO ALL COUNTS

9.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-8 above as if fully set forth herein.

10.    On December 24, 2019, Plaintiff was a business invitee of a gas station located at 10000 W McDowell Rd, Avondale, Arizona 85392, when he slipped and fell.

11.    At the time Plaintiff fell, the gas station located at 10000 W McDowell Rd, Avondale, Arizona 85392 was owned and/or operated by Defendants COSTCO WHOLESALE MEMBERSHIP, INC. and/or COSTCO WHOLESALE CORPORATION.

12.    Plaintiff's fall resulted in significant injuries to Plaintiff.

### COUNT I:  NEGLIGENCE
#### (As to all Defendants)

13.    Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above as if fully set forth herein.

14.    Defendants owed Plaintiff a duty of care to maintain the premises in a reasonable way so as not to harm Plaintiff, to warn Plaintiff of dangerous conditions, to conduct reasonable inspections of the premises for hazards, to remedy dangerous conditions and /or avoid creating dangerous conditions, to operate in a way unlikely to cause hazards, and to remedy any such hazards which are actually known or about which they should have known.

15.    Defendants' breached their duty of care to Plaintiff.

16.    As a result of Defendants' negligence, Plaintiff suffered injuries.

### COUNT II:  PREMISES LIABILITY

17.    Plaintiff re-alleges and incorporates by reference paragraphs 1-16 above as if fully set forth herein.

18.    Plaintiff was an invitee of Defendants COSTCO WHOLESALE MEMBERSHIP, INC. and/or COSTCO WHOLESALE CORPORATION.

3

1          19.     Defendants owed Plaintiff a duty of care to maintain the premises in a reasonable

2     way so as not to harm Plaintiff, to warn Plaintiff of dangerous conditions, to conduct reasonable

3     inspections of the premises for hazards, to remedy dangerous conditions and /or avoid creating

4     dangerous conditions, to operate in a way unlikely to cause hazards, and to remedy any such

5     hazards which are actually known or about which they should have known.

6          20.     Defendants possessed actual or constructive notice of the dangerous condition

7     which caused Plaintiff's injuries.

8          21.     As a result of Defendants' failure to operate and maintain the property in a

9     reasonable way so as not to harm Plaintiff, failure to warn Plaintiff of the dangerous condition,

10    creation of the dangerous condition and/or failure to discover or remedy it, failure to conduct

11    reasonable inspection of the premises for hazards, failure to warn Plaintiff of any such hazards,

12    failure to operate in a way unlikely to cause hazards, and failure to remedy any such hazards,

13    whether actually or constructively known, Plaintiff was injured.

14                                             **DAMAGES**

15         22.     Plaintiff re-alleges and incorporates paragraphs 1-21 above as if fully set forth

16    herein.

17         23.     As a direct and proximate result of the negligent, reckless, and careless conduct of

18    Defendants, Plaintiff suffered severe injuries which caused him pain, suffering, distress, mental

19    and emotional anguish and anxiety, and a general decrease in his quality and enjoyment of life,

20    all in an amount to be proven at trial.

21         24.     As a further direct and proximate result of the negligent, reckless, and careless

22    conduct of Defendants, Plaintiff has incurred expenses for medical care, and may incur expenses

23    for future medical care, all in an amount to be proven at trial.

24         25.     As a further direct and proximate result of the negligent, reckless, and careless

25    conduct of Defendants, Plaintiff has incurred expenses for driving to doctor appointments, and

4

1   is entitled to compensation for his mileage driven to doctor appointments, all in an amount to be

2   proven at trial.

3       26.    As a direct and proximate result of the negligent, reckless, and careless conduct of

4   Defendants, Plaintiff has or may have suffered lost earnings and may suffer future lost earnings

5   and/or diminished earning capacity, all in an amount to be proven at trial.

6       **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each other

7   defendant named herein, jointly and severally, as follows:

8           (a)    For Plaintiff's general and special damages;

9           (b)    For Plaintiff's expenses incurred for past medical care and treatment of

10                 Plaintiff's injuries for future medical treatment expenses;

11          (c)    For Plaintiff's expenses driving to doctor appointments;

12          (d)    For Plaintiff's past and future lost wages and loss of earning capacity;

13          (e)    For Plaintiff's costs incurred herein;

14          (f)    For interest at the highest legal rate on all damages and costs from the time

15                 incurred on the date of such judgment, whichever is sooner, until paid; and

16          (g)    For such other and further relief as the Court deems just and proper.

17

18      **DATED** this 13th day of July 2020.

19                 **PHILLIPS LAW GROUP, P.C.**

20

21                 By: *Sophia Augeri* _____
                      Sophia Augeri, Esq.

22                    *Attorney for Plaintiff*

23

24

25

1
2
3
4
5

Sophia Augeri (#031001)
Timothy G. Tonkin (#020709)
**PHILLIPS LAW GROUP, P.C.**
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel:  (602) 258-8900
Fax: (602) 900-0116
E-mail: sophiaa@phillipslaw.com
E-mail: minute_entries@phillipslaw.com
*Attorneys for Plaintiff*

**COPY**

JUL 1 3 2020

CLERK OF THE SUPERIOR COURT
B. BARRETT
DEPUTY CLERK

6

7

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

8

GEORGE BURTON, Individually,

Case No.:  CV 2020-008091

9

Plaintiff,

**CERTIFICATE REGARDING
COMPULSORY ARBITRATION**

10

vs.

11

12

13

14

COSTCO WHOLESALE MEMBERSHIP,
INC., a foreign corporation d/b/a COSTCO;
COSTCO WHOLESALE CORPORATION, a
foreign corporation d/b/a COSTCO; JOHN
DOES 1-5; JANE DOES 1-5; BLACK
CORPORATIONS 1-5; and WHITE
PARTNERSHIPS 1-5,

15

Defendants.

16

17          The undersigned certifies that she knows the dollar limits and any other limitations set

18     forth by the local rules of practice for the applicable superior court, and further certifies that this

19     case **is not** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona

20     Rules of Civil Procedure.

21          Dated this 13th day of July, 2020.

**PHILLIPS LAW GROUP, P.C.**

22

23

By *Sophia Augeri*
      Sophia Augeri, Esq.
      Timothy G. Tonkin, Esq.
      Attorneys for Plaintiff

24

25

Certificate Regarding Compulsory Arbitration                                                                Page 1